# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRANDY BOND,**

    Plaintiff,

v.                              Case No. 18-CV-1624

**CITY OF WAUKESHA POLICE DEPARTMENT et al.,**

    Defendants.

## ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND REPORT AND RECOMMENDATION TO DISMISS CASE

On October 15, 2018, Brandy Bond filed a complaint against the City of Waukesha Police Department, Waukesha County Child Protective Services, and Maggie Sutton. Bond's complaint makes various allegations related to an apparent custody dispute concerning her minor son. (Docket # 1 at 5–9.) Bond also filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 2.) Because Bond's complaint does not appear to state a claim for which relief would be available in a federal court, I recommend that this action be dismissed.[1]

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent

---

[1] Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of Bond's petitions. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

Bond's motion to proceed without prepayment of the filing fee lacks sufficient information for me to determine whether she is indigent. Sections II ("Income"), III ("Expenses"), and IV ("Property") are blank. But regardless of Bond's financial status, this action should be dismissed because it fails to state a claim.

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). To state a claim, a complaint must provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *DeWalt*, 224 F.3d at 612. The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

Bond has previously filed two cases in this District that were dismissed, including one earlier this year. *Bond v. Milwaukee Police Department et al.*, No. 18-CV-402 (E.D. Wis. August 21, 2018); *Bond v. Wisconsin Hospitality Group et al.*, No. 17-CV-114 (E.D. Wis. January 31, 2017). Like those earlier complaints, even construed extremely liberally, I cannot extract a cognizable federal claim from Bond's complaint.

Bond alleges a variety of misconduct on the part of Waukesha County Child Protective Services, including that it failed to protect her son from sexual abuse or investigate her various complaints. (Docket # 1 at 5–6.) Bond also appears to object to testimony offered during custody proceedings regarding her son, and to the apparent loss of custody of her son. (*Id.* at 6.) Bond alleges that the county has filed false negligence claims against her. (*Id.* at 6–7.) Bond alleges that a social worker, Maggie Sutton, called the sheriff's department and falsely claimed that Bond threatened her life, which Bond believes was in retaliation for expressing her opinion that Sutton was not performing her job well. (*Id.* at 7.) Bond states that Waukesha Child Protective Services and the Waukesha Police Department refused services to her and threatened to have her arrested if she attempted to pick up her son. (*Id.* at 7–8.) Bond alleges that the Waukesha Police Department told her she could only speak to one officer and that he does not return her calls seeking services. (*Id.* at 8.) Bond alleges that she was "denied services from Waukesha [C]hild [P]rotective [S]ervices and the Waukesha Police Department" and suffered extreme emotional distress, and her "character has been defamed in a court of law," (*id.* at 9), presumably referring to the alleged testimony purportedly offered in custody proceedings that she has schizophrenia (*id.* at 6). As remedies, Bond asks for an undetermined amount of cash damages, and that the court order the termination of negligence claims against her and the immediate return of her son.

I struggle to identify any cognizable federal claim in these facts. Unlike state courts, federal courts are courts of limited jurisdiction and can only hear cases when authorized by federal law. *See* 28 U.S.C. §§ 1331 and 1332. Federal courts are not authorized to hear child custody cases, which are governed by state law, not federal law. There is a clear precedent that federal courts are to abstain from hearing child custody matters. *See Brand v. Zate*, No. 18-C-326, 2018 WL 1342484 (E.D. Wis., March 15, 2018); *see also Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992); *In re Burrus*, 136 U.S. 586, 593–94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."). "This 'domestic relations' exception to subject matter jurisdiction applies to such cases even when constitutional claims are involved." *Adam v. Frantz,* No. 02-C-0053-C, 2002 WL 32341816, at *4 (W.D. Wis. May 10, 2002) (citing *Allen v. Allen*, 48 F.3d 259, 261–62 (7th Cir. 1995))*.*

Bond's complaint refers to "civil rights," (Docket # 1 at 7, 9), but the facts alleged do not give rise to a claim under the Civil Rights Act, 42 U.S.C. § 1983. To state a claim under § 1983, the plaintiff must allege sufficient facts to show that (1) someone deprived her of one of her civil rights under the Constitution or federal law and (2) the person who deprived her of her rights was acting under color of state law. *Armato v. Grounds*, 766 F.3d 713, 719-20 (7th Cir. 2014) (citing *Paratt v. Taylor*, 451 U.S. 527, 535 (1981)). Bond's complaint does not allege any facts showing that someone deprived her of her civil rights under the Constitution or federal law. Bond mentions the Equal Protection Clause, but she does not state any facts that show that she was denied equal protection. She does not allege that she was discriminated against, let alone that it was on an impermissible basis such as sex or race.

4

At best, Bond seems to be arguing that she was deprived of her parental rights without due process because Waukesha County Child Protective Services purportedly proffered allegedly false testimony in the custody proceedings and has pursued false negligence claims against her in some form. Due process requires the government to provide notice and a chance to be heard before prior to any deprivation of life, liberty, or property. *See, e.g., Morrell v. Mock*, 270 F.3d 1090, 1095 (7th Cir. 2001) (citing *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187 (1965)). Here, Bond does not allege that she was denied notice of the loss of custody of her child, or that she was denied a hearing in which to contest it, or that the procedure for custody determination was impermissibly biased. In fact, other than general references to a "court of law," Bond provides no details at all about the process that resulted in her apparent loss of custody, or what form the claims of negligence against her took. Without allegations that she was denied a fair process, or even details of the process at all, Bond's complaint does not state a claim for denial of due process.

Furthermore, the Waukesha Police Department is an arm of the City of Waukesha and cannot be sued separately from the city. *Whiting v. Marathon County Sheriff's Dept.*, 382 F.3d 700, 704 (7th Cir. 2004). Even if I construe Bond's complaint liberally, as I must, and assume Bond intended to sue the City of Waukesha, there is still no basis for the city's liability. Local government entities, such as municipalities and counties, cannot be held vicariously liable for constitutional violations committed by their employees. *Monell v. Dept't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). A municipality or county can only be liable under § 1983 if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers." *Id*. To establish liability under *Monell*, a plaintiff must "show the existence

of a policy or custom and a sufficient causal link between the policy or custom and the constitutional deprivation." *Jones v. City of Chicago*, 787 F.2d 200, 203 (7th Cir. 1986) (citing *Monell*, 436 U.S. at 690-694). Because Bond does not make any allegations of an unconstitutional custom, policy, or practice, there is no basis to hold the city liable for the actions of the police.

Regarding the one actual "person" in the suit, Maggie Sutton, it is not clear how Sutton violated the plaintiff's constitutional rights. Sutton is apparently an employee of Waukesha County Child Protective Services. Bond alleges that Sutton called the sheriff's department and falsely told them that Bond had threatened to kill her, purportedly in retaliation for Bond telling Sutton she thought she was doing a terrible job. (Docket # 1 at 7.) Although Bond claims that Sutton violated her "civil rights of freedom of speech," Bond does not allege facts showing that Sutton actually interfered with her freedom of speech.

This court can find no basis for federal jurisdiction in this complaint. Even construed extremely liberally, Bond's complaint does not state any claim upon which relief may be granted. Therefore, I recommend that Bond's complaint be dismissed for failure to state a claim and that her motion to proceed *in forma pauperis* be denied as moot.

## RECOMMENDATION

**NOW, THEREFORE, IT IS RECOMMENDED** that this case be dismissed for failure to state a claim.

**IT IS ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket # 2) be **DENIED AS MOOT**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable,

whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 29th day of October, 2018.

                                        BY THE COURT

                                        _s/ Nancy Joseph_
                                        NANCY JOSEPH
                                        United States Magistrate Judge